**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                              No. 03-4004

JERMAINE LAMONT RORIE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-78)

Submitted: August 28, 2003

Decided: September 5, 2003

Before NIEMEYER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK,
Chapel Hill, North Carolina, for Appellant. Anna Mills Wagoner,
United States Attorney, Robert A.J. Lang, Assistant United States
Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jermaine Lamont Rorie was convicted by a jury of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000), and was sentenced as an armed career criminal to a term of 300 months imprisonment. Rorie contends on appeal that the evidence was insufficient to prove that he possessed the ammunition in and affecting interstate commerce and that his armed career criminal sentence was error because the government did not submit the issue of his predicate convictions to the jury and prove their existence beyond a reasonable doubt. We affirm.

Viewed in the light most favorable to the government, *see Glasser v. United States*, 315 U.S. 60, 80 (1942), the evidence at trial showed that, in October 2001, Rorie was at a post-football game party in Winston-Salem, North Carolina, also attended by Fernando Howard, Tyrone Fair, and Arthur Davis. Howard, Fair, and Davis decided to leave because Rorie had a gun and was acting loud and belligerent. As they left, Rorie and Howard exchanged words and got into a scuffle. Rorie followed the men to Howard's Jeep and began shooting a handgun at them as they got into the Jeep. The gun then jammed and shells fell onto the street. Howard, Davis, and Fair fled, after which Rorie ransacked the Jeep, taking several compact disks, a remote control, and two jackets. When the police arrived, Rorie had disappeared, but while the police were talking to witnesses, he came out of the house wearing a different shirt and carrying a camouflage jacket. When the officers approached him, Rorie threw an object over the fence. It proved to be a Winchester 9 mm Luger ammunition clip which fit three unfired rounds and two fired shell casings found near the Jeep. Howard's compact disks and remote were found in the jacket Rorie was carrying. The fired shell casing and unfired rounds that were seized were all manufactured in Illinois. We conclude that this evidence was sufficient to sustain Rorie's conviction.

Rorie next contends that the evidence that the ammunition had traveled in interstate commerce was insufficient to satisfy the jurisdictional element of § 922(g)(1). He relies on *United States v. Morrison*, 529 U.S. 598 (2000), and *United States v. Jones*, 529 U.S. 848 (2000), but concedes that this court rejected the same claim in *United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001).

Last, Rorie asserts that his enhanced sentence under § 924(e) is improper because the government failed to submit the issue to the jury. He raises this issue merely to preserve it, recognizing that *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), excepts the fact of a prior conviction from the rule it announced. *See United States v. Sterling*, 283 F.3d 216, 220 (4th Cir.), *cert. denied*, 536 U.S. 931 (2002).

We therefore affirm the conviction and the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*